IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TINA SCHUELLER** | : | Case No.   19-cv-178-JMY |
| *Plaintiff* | : | |
| v. | : | |
| **PENNYPACK WOODS HOME OWNERSHIP ASSOCIATION,** | : | |
| *Defendant* | : | |

## ORDER

**AND NOW**, this 22nd day of December, 2021, upon consideration of Defendant Pennypack Woods Home Ownership Association's Motion for Summary Judgment (ECF No. 39) and all documents submitted in support thereof and in opposition thereto, it is **ORDERED** that Defendant's Motion is **GRANTED** and the Complaint is **DISMISSED** for the reasons set forth in this Court's accompanying Memorandum. It is further **ORDERED** that Defendant's Counterclaim for ejectment is dismissed.[1]

---

[1] The Court has "an independent obligation to satisfy [itself] of jurisdiction if it is in doubt," and "can raise *sua sponte* subject-matter jurisdiction concerns." *Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 76-77 (3d Cir. 2003) (citing *Mt. Health City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977)). Under 28 U.S.C. § 1332, a district court retains original jurisdiction over a civil action where the litigation involves citizens of different states and "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). Both the Defendant and Plaintiff are citizens of the state of Pennsylvania and therefore, there is no diversity jurisdiction. (ECF No. 2 at 1; ECF No. 22 at 1.) This Court, having granted Defendant's Motion for Summary Judgment, does not have jurisdiction over Defendant's counterclaim and therefore, also dismisses this claim. Further, Defendant's counterclaim for ejectment arises under Pennsylvania law and is the subject of a pending ejectment action in the Philadelphia Court of Common Pleas, so dismissal of Defendant's counterclaim is warranted.   (ECF No. 40 at 28-29.)

**IT IS SO ORDERED.**

**BY THE COURT:**

/s/ John Milton Younge

**Judge John Milton Younge**